(23 Misc. Rep. 732.)

PEOPLE ex rel. UNITED AUCTIONEERS OF NEW YORK v. SCULLY.

(Supreme Court, Special Term, New York County. June, 1898.)

1. AUCTIONEERS—PERSONS ENTITLED TO LICENSE—CORPORATIONS—NEW YORK CHARTER.
    Under New York City Charter, § 34, providing that the city clerk may grant a license to any "person" carrying on the business of auctioneer, and that where any person has been defrauded by the auctioneer, or by the clerk, agent, or assignee of such auctioneer, his license shall be revoked, an auctioneer's license may be granted to a corporation.

2. SAME—RIGHT TO LICENSE—DISCRETION OF CITY CLERK.
    New York City Charter, § 34, providing that the city clerk "shall have authority to grant" a license to any person carrying on the business of auctioneer, is not mandatory; the city clerk having a right to scrutinize the qualifications of the applicant.

3. MANDAMUS TO OFFICERS—WHEN LIES—DISCRETION.
    A peremptory writ of mandamus will not issue to compel an officer to grant a license, under a statute which gives him discretionary authority in the matter. The weight of the reasons of the officer for refusing the license cannot be considered by the court.

Motion by the people, on the relation of the United Auctioneers of New York, against P. Joseph Scully, city clerk of the city of New York, for a peremptory mandamus. Denied, with costs.

Jacob A. Cantor and Edward Jacobs, for relator.
John Whalen, Corp. Counsel, and Charles Blandy, for defendant.

RUSSELL, J. The relator asks for a peremptory mandamus compelling the city clerk to grant to it a license to carry on the business of auctioneer within the city of New York. There is little conflict

over the facts. The relator is undoubtedly duly incorporated for the purpose of carrying on the business of auctioneers, and has complied with the necessary steps to obtain a license, if it has the absolute right to one. It is suggested by counsel for the city, however, that a license cannot be granted to a corporation, to perform a duty which is in the character of a service requiring the personal skill, experience, and integrity of individuals known to be possessed of these qualities before the license is issued. Section 34 of the present charter of the city of New York provides as follows:

"The city clerk shall have authority to grant licenses to any person engaged in and carrying on the business and occupation of auctioneer. * * * The president of the counsel, on complaint of any person having been defrauded by the auctioneer, or by the clerk, agent or assignee of such auctioneer, * * * is authorized and directed to take testimony under oath relating thereto, and if the charge shall in his opinion be sustained he shall revoke the license granted to him and direct the bonds to be forfeited."

Under the general statutes of this state, the term "person" includes both a natural and an artificial one. The ordinary rule of construction covers both classes, unless there is something in the statute which distinguishes between them. This rule has been carried to the extent of a determination that a statute of Wisconsin which provides for a discharge to an insolvent debtor, who makes a general assignment for the benefit of creditors, without preference, includes a corporation under the term "person," and allowed subsequent attaching creditors to obtain preference and payment in full, to the loss of the general creditors, who by the assignment were equally treated with the attaching creditor in the directing distribution of the assets of the corporation; and this ruling was made by the court of appeals notwithstanding the evident purpose of the statutes of Wisconsin to apply the same to individuals only, for those statutes directed that in case of the insolvency of a corporation it should be dissolved. So that it is apparent that no discharge was provided for, or was useful, to an artificial entity about to die. Barth v. Backus, 140 N. Y. 230, 35 N. E. 425. In the present instance the same view is impliedly sustained by the provision that any person who has been defrauded by the auctioneer or agents might have a remedy, and it is obvious that any corporation which employed the auctioneer would be entitled under the statute to prosecute such a complaint. I find no great difficulty, therefore, in holding that the city clerk is not inhibited from granting a license as auctioneer to a corporation under the statute. But the question of power is a very different one from that of discretion. The statute is not mandatory upon the city clerk, but simply gives authority. It may be construed to be obligatory upon him, if it is evident that he simply acts in a ministerial capacity without power or discretion, and the circumstances or purpose of the application do not require the exercise of any discretion. Such is not this case. The position of auctioneer is a responsible one, and the execution of its duties requires both skill and integrity. The officer has a right to scrutinize the qualifications of the person applying for a license, and may well hesitate to grant one where the personnel of the applicant is unknown except as indicated by the name of the corporation. Confessedly,

the corporation must act through individuals, and the city clerk has the right to fully know and understand the qualifications of the individuals who may exercise the active duties of the position; otherwise, the associates in a corporation would have the privilege of secrecy and change not accorded to private persons, and the city clerk would be deprived of the most important part of the duty confided to him in respect to determination of qualifications. This view of the discretionary rights of the city clerk is sustained by the court of appeals upon the construction of a similar statute giving the mayor the right to issue a license to auctioneers. People v. Grant, 126 N. Y. 473, 27 N. E. 964. The criticism of the counsel for the relator upon this case is that the mayor there had strong reasons for refusing a license on account of the character of the applicant; but this concedes the power to exercise discretion, and, upon an application for a peremptory writ of mandamus, the weight of the reasons of the officer refusing the license cannot be considered by the court.

Motion denied, with costs.